1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8   Alberto Angel Gonzalez-Lozano,                    No. CV-13-01006-PHX-ROS

9                      Petitioner,                    **ORDER**

10  v.

11  Conrad Graber,

12                     Respondent.

13          Petitioner Alberto Angel Gonzalez-Lozano had two incidents where he was caught

14  without his pants on.  Based on the second incident, he was found guilty of "stalking" and

15  punished with, among other things, the loss of good time credit.  Magistrate Judge

16  Michelle H. Burns recommends denial of Petitioner's challenge to the violation and

17  sanction.   Petitioner filed objections but, for the following reasons, the Magistrate

18  Judge's recommendation will be adopted in full.

19  **I.  Standard of Review for Report and Recommendation**

20          A district judge "may accept, reject, or modify, in whole or in part, the findings or

21  recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  The district court

22  must review de novo the portions to which an objection is made.  *Id.*  The district court

23  need not, however, review the portions to which no objection is made.  *See Schmidt v.*

24  *Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[*D*]e novo review of factual and

25  legal issues is required if objections are made, but not otherwise.") (quotation marks and

26  citation omitted).

27  **II.  Factual Background**

28          Petitioner did not object to most of the factual background recited by the

1    Magistrate Judge.  Therefore, the Court accepts the Magistrate Judge's recounting of the

2    facts.  The relevant facts, in brief, are as follows.

3         Petitioner is currently an inmate at the Federal Correctional Institution ("FCI")

4    Phoenix.  On the morning of August 27, 2012, FCI-Staff psychologist, Dr. Marilyn Park,

5    saw Petitioner "putting his khaki pants [on]" in front of the outdoor recreation area.

6    (Doc. 12-2 at 8).  Dr. Park told Petitioner "he needed to dress himself in his housing

7    unit."  Four days later, another staff member saw Petitioner in a "hallway wearing only

8    his underwear and a shirt."  When asked why he was not wearing pants, Petitioner said he

9    was "waiting to use the restroom but someone is in there."  (Doc. 12-2 at 6).  The staff

10   member told him "to put his pants back on."  That same staff member noted the hallway

11   where he observed Petitioner "is the hallway that leads up to Dr. Park's office."  (Doc.

12   12-2 at 6).  That hallway "is in an area that Dr. Park must walk through to get to and from

13   her office" and Petitioner was found "no more than 25 yards from Dr. Park's office."

14   (Doc. 12-2 at 9).  The staff member composed an incident report charging Petitioner with

15   "stalking" and "indecent exposure."  (Doc. 12-2 at 6).

16        Petitioner was given a copy of the incident report later that same day.  When first

17   given the report, Petitioner stated "I admit I took off my shorts and then put my pants on,

18   not thinking anyone would see me do this."  (Doc. 12-2 at 7).  But Petitioner disputed he

19   was "stalking anyone."  (Doc. 12-2 at 7).  An investigation was conducted and a hearing

20   before the Unit Discipline Committee ("UDC") took place a short time later.  (Doc. 12-2

21   at 3).  The UDC referred the matter to a Discipline Hearing Officer for a further hearing.

22   (Doc. 12-2 at 3).

23        At the hearing before the Discipline Hearing Officer, a memo written by Dr. Park

24   allegedly was read to Petitioner.  Petitioner was then allowed to make a statement

25   regarding Dr. Park's memo.  Petitioner admitted Dr. Park had confronted him and told

26   him his "undressed state . . . made her feel 'uncomfortable.'"  (Doc. 12-2 at 10).  The

27   hearing officer held Petitioner had "committed the prohibited act of Stalking" and

28   sanctioned Petitioner with, among other things, the loss of "27 days Good Conduct

Time." (Doc. 12-2 at 10, 12). Petitioner appealed.

On appeal, Petitioner cited the definition of "stalking" that requires "repeated behavior which harasses" and argued there was "no documented pattern of repeated behavior." (Doc. 12-1 at 16). The Regional Director issued a written opinion affirming the violation and sanctions. The Regional Director reasoned Petitioner "had previously been warned about [his] conduct" and there was an adequate "basis for the finding that [he] committed the prohibited act." On Petitioner's argument regarding the lack of "repeated behavior," the Regional Director stated "the [hearing officer] drew a reasonable conclusion that you stalked the Staff Psychologist after she previously warned you about your behavior." (Doc. 12-1 at 17). Petitioner then appealed again, but the violation and sanctions were again affirmed. (Doc. 12-1 at 4).

Petitioner filed this habeas petition asserting two challenges to the violation and sanctions. First, Petitioner claims there was insufficient evidence supporting the "stalking" charge. And second, Petitioner believes his due process rights were violated during the disciplinary process because he was not permitted to "examine or challenge" Dr. Park's memo. (Doc. 1 at 5).

**III. Standard for Prison Discipline**

The Magistrate Judge correctly identified the very lenient standard the Court must apply when assessing Petitioner's claims. A prison inmate is entitled to limited procedural protections before he "can be deprived of a protected liberty interest in good time credits." *Superintendent v. Hill*, 472 U.S. 445, 453 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Those protections require an inmate receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Id.* at 454. In addition to these requirements, the factual determinations must be "supported by some evidence in the record." *Id.* This "some evidence" standard requires only a "modicum of evidence." *Id.* It does not require the Court reexamine "the entire

record," independently assess the credibility of witnesses, or reweigh the evidence. *Id.* It only requires the Court determine "whether there is *any* evidence in the record that could support the conclusion reached by the [prison]." *Id.* (emphasis added). The Ninth Circuit has described this as a "minimally stringent" standard. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

**IV.  Sufficient Evidence of Stalking**

Petitioner's first argument is that there was insufficient evidence to find him guilty of "stalking."  The applicable regulation defines "stalking" as:

> Stalking another person through repeated behavior which harasses, alarms, or annoys the person, after having been previously warned to stop such conduct.[1]

28 C.F.R. § 541.3, Table 1.  The Magistrate Judge concluded there was sufficient evidence supporting the factual determination that Petitioner had engaged in "stalking." Petitioner's objections to this conclusion are not entirely clear.  But assuming he is objecting to the sufficiency of the evidence, his objections are not convincing.

The evidence before the hearing officer was largely undisputed.  Dr. Park found Petitioner in the hallway without his pants on and admonished him to dress appropriately. Four days later Petitioner was found by another staff member without his pants on.  The second staff member explained Petitioner was found in a hallway leading up to Dr. Park's office.   While Petitioner now argues there were reasonable explanations for him not wearing pants on either occasion, and that he was not very close to Dr. Park's office the second time, those arguments do not mean the ultimate conclusion regarding "stalking" was arbitrary or lacking a plausible basis.  The undisputed evidence was that Dr. Park had warned Petitioner about his dress and a very short time later, in the general vicinity of Dr. Park's office, Petitioner was found in a state of undress.  This was sufficient to meet the *very* lenient "some evidence" standard.[2]  Given the low standard, the Magistrate Judge

---

[1] The regulation also explains that "[a]iding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself.  28 C.F.R. § 541.3(a).

[2] To find Petitioner guilty, the hearing officer was not required to conclude

correctly concluded Petitioner is not entitled to relief on his first argument.

**V. Sufficient Opportunity to Present Evidence**

Petitioner's second argument is that Dr. Park's memo was not read aloud at the hearing. The Magistrate Judge concluded the memo was, in fact, read aloud. (Doc. 20 at 5). But Petitioner's objections dispute this conclusion. Petitioner has not, however, explained how this factual dispute makes a meaningful difference.

Petitioner apparently believes the failure to read the memo aloud meant he was not given the "opportunity to prepare [for] or contravene the information provided by Dr. Park." (Doc. 22 at 2). It is not entirely clear what this means as Petitioner admits Dr. Park found him putting on his pants and the memo from Dr. Park merely recounted their interaction. It is also undisputed Petitioner knew his interaction with Dr. Park was at issue during the hearing and there is no indication Petitioner was prevented from presenting evidence or argument to the hearing officer regarding the incident with Dr. Park. Therefore, whether Dr. Park's memo was read aloud or not, the Magistrate Judge correctly concluded Petitioner was provided due process and he is not entitled to relief on his second argument.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 20) is **ADOPTED IN FULL** and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

Dated this 8th day of October, 2014.

Honorable Roslyn O. Silver
Senior United States District Judge

---

Petitioner actually did harass, alarm, or annoy Dr. Park. Rather, the officer's conclusion was permissible even if the officer believed Petitioner was only attempting to harass, alarm, or annoy Dr. Park. 28 C.F.R. § 541.3(a) (attempts are punished the same as committing the act).